**In re USF RED STAR INC. WORKER NOTIFICATION LITIGATION**

**No. MDL. 1655.**

Judicial Panel on Multidistrict Litigation.

Feb. 16, 2005.

Before WM. TERRELL HODGES, Chairman, JOHN F. KEENAN, D. LOWELL JENSEN, J. FREDERICK MOTZ, ROBERT L. MILLER, Jr., KATHRYN H. VRATIL and DAVID R. HANSEN, Judges of the Panel.

## TRANSFER ORDER

WM. TERRELL HODGES, Chairman.

This litigation presently consists of three actions listed on the attached Schedule A as follows: two actions in the Eastern District of Pennsylvania and one action in the District of Connecticut. Before the Panel is a motion, pursuant to 28 U.S.C. § 1407, by affiliated defendants USF Corporation (USF) and USF Red Star Inc. (USF Red Star) to centralize these actions for coordinated or consolidated pretrial proceedings in the Northern District of New York. Plaintiffs in one Pennsylvania action agree that centralization is appropriate, but suggest the Eastern District of Pennsylvania as transferee district. Plaintiffs in the other Pennsylvania action and the Connecticut action oppose Section 1407 centralization; if the Panel deems centralization appropriate, these opposing Pennsylvania plaintiffs support selection of the Pennsylvania district as transferee forum.

On the basis of the papers filed and hearing session held, the Panel finds that the actions in this litigation involve common questions of fact, and that centralization in the Eastern District of Pennsylvania will serve the convenience of the parties and witnesses and promote the just and efficient conduct of the litigation. All actions share factual questions arising from a system-wide strike at Red Star's trucking terminals and allegations that Red Star's failure to give notice to its employees when it ceased operations on May 23, 2004—precipitating the layoff of more than 2,400 employees—violated the Worker Adjustment and Retraining Notification Act. Centralization under Section 1407 is necessary in order to eliminate duplicative discovery, prevent inconsistent pretrial rulings, and conserve the resources of the parties, their counsel and the judiciary.

The Panel is persuaded that the Eastern District of Pennsylvania is an appropriate transferee district for this litigation. We note that i) two of the three actions now before the Panel are already pending in the Pennsylvania district, and ii) this district is relatively conveniently located for parties and witnesses located

primarily in the Northeastern United States.

IT IS THEREFORE ORDERED that, pursuant to 28 U.S.C. § 1407, the action listed on Schedule A and pending outside the Eastern District of Pennsylvania is transferred to the Eastern District of Pennsylvania and, with the consent of that court, assigned to the Honorable Petrese B. Tucker for coordinated or consolidated pretrial proceedings with the actions listed on Schedule A and pending there.

### SCHEDULE A

*MDL–1655—In re USF Red Star Inc. Worker Notification Litigation*

*District of Connecticut*
*Shaun B. Cashman, et al. v. USF Corp.,* C.A. No. 3:04–1437

*Eastern District of Pennsylvania*
*Paul Anderson, et al. v. USF Corp., et al.,* C.A. No. 2:04–3827
*Edwin Taylor, et al. v. USF Corp.,* C.A. No. 2:04–3971